UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
   Plaintiff,

vs.                                                          No. 06-1258

R. VINSON, et.al.,
   Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against three defendants at the Pontiac Correctional Center: Correctional Officers R. Vinson and Undray Millsap and Lieutenant Robert Ellinger. The plaintiff alleges that the defendants violated his due process rights.

The plaintiff says on September 29, 2006, Officer Vinson reached into the plaintiff's cell and "attempted" to assault the plaintiff. (Comp. p. 10). Officer Vinson then wrote a "maliciously false disciplinary report" that was "harassment vindictively." *Id.* The plaintiff was accused of insolence, disobeying a direct order, and health, smoking or safety violations.

The plaintiff says the Adjustment Committee violated his due process rights during the hearing on the ticket. It is not entirely clear how the committee violated the plaintiff's rights, but apparently the plaintiff believes the committee ignored the evidence and found him guilty. As a result, the plaintiff received B grade status, segregation, and a loss of audio/visual and commissary privileges. All punishments were imposed for three months.

The plaintiff has failed to state a claim upon which relief can be granted. "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). The plaintiff does have a constitutionally protected interest in the good time credits he has earned. *Whitlock v. Johnson*,

1

153 F.3d 380, 385 (7th cir. 1988). However, the plaintiff admits he did not lose good time credits. Additionally, disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). The plaintiff has not demonstrated that any of the discipline imposed deprived him of a protected liberty or property interest. *See also Whitford v. Boglino*, 63 F.3d 527, 533 n. 7 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights.); *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(Loss of commissary privilege does not affect a liberty or property interest); *Tullis v. DeTella* 1999 WL 90650 at 4 (N.D. Ill 1999) (loss of audio-visual privileges is not an atypical and signification deprivation).

The court also notes that the plaintiff has earned three strikes pursuant to 28 U.S.C. § 1915(g)[1] This section states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Even if the plaintiff had stated a claim upon which relief could be granted, his allegation still does not meet the imminent danger exception.

**IT IS THEREFORE ORDERED that:**

> **1) This case is dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §1915A(b), for failure to state a claim upon which relief can be granted.**
>
> **2) The clerk is directed to vacate the court's November 27, 2006 text order granting the plaintiff's motion to proceed in forma pauperis.**
>
> **3) The plaintiff's motion for leave to proceed in forma pauperis is denied pursuant to 28 U.S.C. 1915(g.)**
>
> **4) This dismissal counts as another strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**
>
> **5) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If**

---

[1]*See Carter v. Mote*, 04-cv-1207 and *Carter v. Mote*, 04-cv-1255, in the Central District of Illinois; and *Carter v. Bigley*, 03-cv-0468, in the Northern District of Illinois.

the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

6) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

7) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 30th day of November, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE